IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE LINDER,<br><br>    Plaintiff,<br><br>    v.<br><br>JALAL SOLTENIAN, et al.,<br><br>    Defendants. | No. 2:18-CV-2281-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 9).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following doctors as defendants:  (1) Jalal Soltenian, M.D.; (2) J. Chau, M.D.; (3) Christopher Smith, M.D.; (4) James Pucelik, M.D.; and (5) Carmelino Galang, M.D.  Drs. Soltenian, Chau, and Smith are prison physicians.  Drs. Pucelik and Galang are physicians at San Joaquin General Hospital.  According to plaintiff, by 2009 he became dependent on a cane and knee braces due to degenerative changes caused by arthritis.  See Doc. 9, p. 6.  Plaintiff states he had been issued a "reasonable accommodation chrono" for a lower bunk and lower tier cell assignment because of his mobility problems.  Id.

Plaintiff claims defendant Soltenian cancelled his lower tier accommodation chrono in 2014 despite plaintiff informing the doctor doing so would "place my life, health well-being in jeopardy as to being injured and or causing an untimely death."  Id.  Plaintiff further alleges:  "Dr. Soltenian said he did not care and he with a clear concious [sic] and deliberate intent with no regard for my well-being took away all my reasonable accommodations except for my lower bunk. . . ."  Id.  Plaintiff states he was required to move to an upper tier cell and, after several months going up and down stairs, he hyperextended his left knee to the point he could no longer walk.  See id.  Plaintiff alleges he was taken to the clinic after this injury but "was denied treatment and sent away," though plaintiff does not allege by whom.  Id.  Plaintiff was eventually seen at the medical clinic after he fell again two weeks later, and was informed by Dr. Rudest (who is not a named defendant) he would require a total knee replacement.  See id. at 7.  Plaintiff states he received a total knee replacement on March 30, 2015.

/ / /

/ / /

2

According to plaintiff, approximately two weeks following his surgery, his knee "started popping and making a grinding sound really bad," causing his knee to become dislocated. Id. Plaintiff was seen at the prison medical clinic by defendant Chau, who submitted a request for plaintiff to be seen by the surgeon. Id.

Next, plaintiff claims he was seen by an outside specialist, defendant Galang, on October 20, 2015. See id. According to plaintiff, defendant Galang "did not want to hear it and tried to tell me that there is nothing wrong." Id. Plaintiff was returned to the prison where he submitted "numerous 7362 Medical Requests" and was seen again by defendant Chau who prescribed pain medication "until I could see Dr. Galang once again." Id. at 7-8. Plaintiff alleges that, when he was sent to see defendant Galang again, he was informed "Dr. Galang had fled the County to avoid Medical malpractice Suites [sic]." Id. at 8.

Next, plaintiff states he was returned to see an outside specialist a month later and was told by Dr. Casey (who is not a named defendant) the problem with his knee replacement could have been resolved. See id. Plaintiff alleges, "out of the blue" defendant Smith approved plaintiff to see another outside specialist, defendant Pucelik, who told plaintiff "there is nothing more anyone can do. . . ." Id. According to plaintiff, defendant Pucelik informed him "he [presumably Dr. Pucelik] was told specifically by Dr. smith that I have to deal with it, live with it, and there will be no further specialist care, per orders of Dr. Smith." Id.

## II. DISCUSSION

By separate order, the court has determined the action is appropriate for service on defendants Soltenian, Pucelik, Galang, and Smith. The court finds, however, plaintiff has failed to state a claim for relief against defendant Chau. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh

and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate

| | |
|---|---|
| 1 | that the delay led to further injury.  See McGuckin, 974 F.2d at 1060. |
| 2 | Negligence in diagnosing or treating a medical condition does not, however, give |
| 3 | rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a |
| 4 | difference of opinion between the prisoner and medical providers concerning the appropriate |
| 5 | course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, |
| 6 | 90 F.3d 330, 332 (9th Cir. 1996). |
| 7 | In this case, plaintiff alleges defendant Chau submitted a request for plaintiff to be |
| 8 | seen by his surgeon after plaintiff complained of problems related to his knee surgery.  Plaintiff |
| 9 | also alleges defendant Chau prescribed pain medication.  These limited allegations do not indicate |
| 10 | defendant Chau was deliberately indifferent.  To the contrary, they reflect defendant Chau was |
| 11 | attendant to plaintiff's complaints by recommending further specialist consultation and providing |
| 12 | pain medication.  Plaintiff's allegations fail to state an Eighth Amendment claim against |
| 13 | defendant Chau. |
| 14 | / / / |
| 15 | / / / |
| 16 | / / / |
| 17 | / / / |
| 18 | / / / |
| 19 | / / / |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendant Chau. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendant Chau be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 14, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE