**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUANE LINDER,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES S. PUCELIK, et al.,<br><br>  Defendants. | No. 2:18-CV-2281-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' motion for summary judgment. ECF No. 42. Because discovery is disputed, the Court defers consideration of the motion under Federal Rule of Civil Procedure 56(d)(1). The Court will reopen discovery and reset the discovery schedule.

**I. PROCEDURAL BACKGROUND**

Plaintiff is a prisoner incarcerated at Mule Creek State Prison (MCSP). See ECF No. 9 at 3. He initially sued five defendants: (1) Dr. Jalal Soltanian, (2) Dr. J. Chau, (3) Dr. Christopher Smith, (3) Dr. James S. Pucelik, and (3) Dr. Carmelino Galang. Id. at 3–5. Dr. Soltanian, Dr. Chau, and Dr. Smith are physicians with the California Department of Corrections and Rehabilitation (CDCR). See id.; see also ECF Nos. 17 at 2–3; 26 at 1. Pacelli and Galant are physicians at San Joaquin General Hospital (SJGH). ECF Nos. 1 at 4–5; 19-1 at 2.

///

1

Following various motions to dismiss and for summary judgment, Dr. Soltanian, Dr. Chau, and Dr. Smith have been dismissed from this case. See ECF Nos. 11, 20, 24, 26, 30. This case now proceeds against Dr. Pucelik and Dr. Galang.

After all pleadings were filed and the case came to issue, the Court issued its discovery and scheduling order on January 2, 2020. ECF No. 31. Discovery was set to close on June 8, 2020, with dispositive motions due ninety days thereafter. ECF No. 31 at 2. Responses to written discovery were due forty-five days from the date the request was served. Id. at 1. Requests for discovery, including requests for answers to interrogatories under Federal Rule of Civil Procedure 33, were due by the June 8, 2020, cutoff date. Id. at 2. The order did not specify that responses to requests were due by June 8, 2020. See id. The Court expressly ordered that motions to compel were due sixty days from close of discovery. Id.

On June 17, 2020, Plaintiff moved to extend the discovery and dispositive motion cutoff. ECF No. 38. The Court granted Plaintiff's motion on July 23, 2020, resetting the discovery cutoff for August 21, 2020. ECF No. 39. The Court reset the dispositive motion deadline for November 23, 2020. Id.

Prior to the extension order and Plaintiff's motion, Plaintiff sought answers to interrogatories from Defendants on May 13, 2020, and May 18, 2020. ECF No. 38 at 2. Those requests are evidenced in a letter from Defendants' counsel informing Plaintiff that Defendants would not reply to the requests. See id. Defendants declined to respond because written discovery was (at that time) due on June 8, 2020. Id. and responses to the May requests (because of the forty-five-day response period) would be due after that cutoff, specifically on June 27, 2020, and July 2, 2020. See id. The letter is dated June 8, 2020. Id.

Finally, it is apparent that Defendants at one point had arranged to take Plaintiff's deposition. See ECF No. 59 at 7. The deposition was scheduled for June 8, 2020, at MCSP. Id. Prison officials, however, assertedly contacted Defendants' counsel and stated that the deposition could not move forward due to COVID-19. Id. MCSP did not have electronic conferencing capabilities that would have facilitated a remote deposition. Id.

///

2

## II. PLAINTIFF'S ALLEGATIONS[1]

This case stems from Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendants Dr. Pucelik and Dr. Galang. See ECF No. 9 at 9–10. At the most basic level, Plaintiff contends that Defendants were indifferent to the pain and suffering he experienced as a result of a defective knee replacement. Id. Plaintiff claims that Defendants knew that he had a faulty knee replacement, that he was in excruciating pain, and that he struggled to walk. Id. Yet, Defendants' allegedly ignored Plaintiff's suffering. Id. Plaintiff believes that Defendants' alleged indifference constituted cruel and unusual punishment and violated his due process rights. Id.

In his opposition to Defendants' motion, Plaintiff raises numerous allegations concerning discovery. Most basically, Plaintiff contends that Defendants' withheld dozens of documents from him, acted in bad faith, and committed fraud upon the Court. ECF No. 58 at 7–11. Plaintiff cites Defendants' letter concerning interrogatories as an example. Id. at 9–10. He argues that summary judgment is inappropriate when the opposing party has been unable to obtain discovery. See, e.g., id. at 10.

Finally, Plaintiff indicates that Defendants improperly refused to depose him even though he was scheduled for a deposition. See id. at 8–9. He contends that, had he been deposed, he would have testified to the truthfulness of the allegations in his complaint (e.g., about his repeated requests for treatment of his allegedly faulty knee replacement). Id. at 9.

## III. DISCUSSION

Plaintiff argues that the Court cannot grant Defendants' motion for summary judgment. See id. at 7–11, 18. He believes it is insufficient because of Defendants' alleged failure to disclose documents and refusal to depose him. Id. at 7–11. The Court finds that Defendants mistakenly refused to respond to some discovery requests.

/ / /

/ / /

/ / /

---

[1] Where appropriate, the Court has truncated and summarized allegations that relate to the Defendants who have been dismissed from this case.

**A. Disputed Discovery Requests:**

Plaintiff's contention that Defendants' withheld dozens of documents from him and acted unethically is baseless. There is no evidence that Plaintiff's assertion is true. Defendants represent that they produced 1,264 pages of discovery in response to Plaintiff's written discovery requests. ECF No. 59 at 7. Defendants concede that Plaintiff requested additional documents but claims that they appropriately and timely objected to undisclosed documents. Id. For example, Defendants contend that they objected when a document would be covered by privilege or when it was not in their possession. Id.

The Court recognizes that Plaintiff did move to extend the discovery deadlines, and that, prior to that motion, Plaintiff sought interrogatories that Defendants refused. See ECF No 38 at 1–2. Plaintiff ostensibly did not contact Defendants' counsel to resolve the discovery issues. See ECF No. 59 at 7. Nor (the Court assumes) did Plaintiff resubmit his discovery requests after the Court extended the deadline. Moreover, there are no motions to compel before the Court. The Court, in its discovery and scheduling order, expressly ordered that motions to compel were due sixty days from close of discovery. ECF No. 31 at 2. Plaintiff filed no such motion. He had until October 20, 2020, sixty days from the extended deadline, to do so. Generally speaking, if Plaintiff believed Defendants improperly failed to cooperate in discovery, he should have filed a motion to compel. See, e.g., Fed. R. Civ. P. 37(a)(3)(A).

The Court's discovery order explicitly admonished the parties that, if disputes regarding discovery arose, they were to comply with the Rules of Civil Procedure and the Eastern District of California's local rules. ECF No. 31 at 2. Instead, Plaintiff did nothing except move for an extension of the discovery period. See ECF No. 38. Plaintiff's opposition to the instant motion is not the appropriate vehicle to raise discovery disputes. See generally Fed. R. Civ. P. 37 (outlining available remedies when litigants fail to participate in discovery); but see Fed. R. Civ. P. 56(d) (indicating that parties may file affidavits or declarations indicating summary judgment is inappropriate if they cannot present facts essential to opposing a motion for summary judgment).

Nevertheless, in their June 8, 2020, letter, Defendants misconceived the Court's discovery order. As stated, Defendants declined to respond to Plaintiff's requests for answers to

4

1  interrogatories because he submitted them with fewer than fort-five days remaining before the June
2  8, 2020, discovery deadline. ECF No. 38 at 2. Any response would thus be due *after* the discovery
3  cutoff. See id. Defendants' counsel believed Plaintiff's requests to be untimely. See id. Had the
4  Court ordered that requests *and responses* were due by June 8, 2020, Counsel would have been
5  correct. If responses are due by a specific date, discovery requests served without sufficient time to
6  reply before that discovery deadline are improper. Where the Court has directed that *responses* to
7  discovery are due by a specific day, a requesting party cannot demand discovery responses if fewer
8  days than allowed for a response remain before that deadline. See, e.g., Lee v. Lee, No. CV 19-
9  8814 JAK (Pecks), 2021 WL 430696, at *10–11 (C.D. Cal. Jan. 27, 2021); Harris v. German, No.
10 1:15-cv-01462-DAD-GSA-PC, 2020 WL 564793, at *4 (E.D. Cal. Feb. 5, 2020); Miller v. Rufion,
11 No. 08–1233 BTM (WMc), 2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010); Bishop v. Potter,
12 No. 2:08–cv–00726–RLH–GWF, 2010 WL 2775332, at *1–2 (D. Nev. July 14, 2010).
13          However, here the Court ordered that *requests* for discovery were due by June 8,
14 2020. ECF No. 31 at 2. Responses were due forty-five days after service of a request. Id. at 1. As
15 written, the discovery cutoff identified in the Court's order did not clearly preclude Defendants'
16 from responding to Plaintiff's mid-May 2020 requests for answers to interrogatories. See id. The
17 Court recognizes that the order could be seen as ambiguous.
18          Federal Rule of Procedure 56 controls here. If a party opposing a motion for
19 summary judgment shows by affidavit or declaration that it cannot present facts essential to justify
20 an opposition to summary judgment, the Court may (1) defer the motion or deny it, (2) permit
21 discovery, or (3) issue any appropriate order. Fed. R. Civ. P. 56(d)(1)–(3); Interlocular, LLC v.
22 ETC Glob. Holdings, Inc., 978 F.3d 653, 661–62 (9th Cir. 2020). The United States Court of
23 Appeals for the Ninth Circuit reviews denial of a motion under Rule 56(d) for abuse of discretion.
24 Sec. & Exch. Comm'n v. Stein, 906 F.3d 823, 833 (9th Cir. 2018); Maloney v. T3Media, Inc., 853
25 F.3d 1004, 1009 (9th Cir. 2017). The Court abuses its discretion only if the moving party diligently
26 pursued discovery and the additional evidence would preclude summary judgment. See, e.g., Sing
27 v. Am. Honda Fin. Corp., 925 F.3d 1053, 1076 (9th Cir. 2019); Panatronic USA v. AT&T Corp.,
28 287 F.3d 840, 846 (9th Cir. 2002); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.

1996); see also Nelson v. Santa Barbara Sheriff's Office, 844 F. App'x 983, 985 (9th Cir. 2021).

The additional evidence sought must be essential to the opposing party's opposition, and it must be *likely* that the evidence exists. Stein, 906 F.3d at 833. In other words, the burden is on the party pursuing additional discovery to tender sufficient facts to show that the evidence sought exists, and that the evidence would thwart summary judgment. See Atay v. County of Maui, 842 F.3d 688, 698 (9th Cir. 2016); Nidds, 113 F.3d at 921; see also InteliClear, LLC, 978 F.3d at 662. The Court will thus consider whether the moving party had adequate opportunity to conduct discovery, the movant was diligent in seeking discovery, the information sought is based on speculation, and whether additional discovery would preclude summary judgment. See, e.g., Martinez v. Columbia Sportswear USA Corp., 553 F. App'x 760, 761 (9th Cir. 2014); see also InteliClear, LLC, 978 F.3d at 662; Stein, 906 F.3d at 833; Atay, 842 F.3d at 698; Nidds, at 921.

Although Plaintiff should have filed a motion to compel, the Court construes Plaintiff's opposition as indicating that he lacks essential facts that would justify an opposition to Defendants' motion. Plaintiff has not filed an affidavit as such[2] but the Court believes that grounds exist to deny Defendants' motion and reopen discovery. Several factors inform the Court's conclusion. Even considering the want of a motion to compel, Plaintiff was reasonably diligent in seeking discovery. Plaintiff obviously sent requests to Defendants and filed motions for extensions of the discovery deadline. E.g., ECF Nos. 38; 59 at 7. Plaintiff implies that the varied discovery he desires, including the requested interrogatories, would overcome summary judgment. See, e.g., ECF No. 58 at 7, 10. The Court is sufficiently convinced that whatever discovery Plaintiff desires exists, mainly the requests for answers to interrogatories that will obviously exist once produced. Defendants' mistaken refusal to answer the May 2020 interrogatories also weighs in favor of reviving discovery and deferring consideration of the motion for summary judgment.

Because Defendants misinterpreted the discovery order, the Court defers consideration of the motion for summary judgment and will allow further discovery.

**B. Plaintiff's Deposition:**

---

[2] While Plaintiff did not file an affidavit, he did sign the opposition verifying its truthfulness under penalty of perjury. See ECF No. 58 at 19.

6

Plaintiff also contends that Defendants unjustifiably failed to depose him even though a deposition was scheduled for June 8, 2020. ECF No. 58 at 9–10. Plaintiff alleges that Defendants "refused" to depose him. Id. Defendants respond that Plaintiff's deposition did not go forward because of COVID-19. ECF No. 59 at 7.

The Court concludes that Plaintiff's assertions regarding his deposition are meritless. Defendants were under no obligation to depose him. And, in any event, COVID-19 appears to be the moving force behind the cancellation of Plaintiff's deposition, not any impropriety on Defendants' part.

### IV. CONCLUSION

Based on the foregoing, under Federal Rule of Civil Procedure 56(d), the Court defers consideration of Defendants' motion for summary judgment (ECF No. 42). The parties are to strictly comply with the discovery schedule that the Court will now sets.

The Court also notes that, contrary to Plaintiff's allegations, it does not believe that Defendants' counsel acted in bad faith or improperly. Although Counsel misinterpreted the Court's discovery order, it is evident that Counsel believed he was complying with the order. Counsel should not take this order as an indication of the Court's belief that he acted unprofessionally.

Plaintiff is also advised that the Court does not take baseless allegations of fraud and misconduct lightly. Under Federal Rule of Civil Procedure 11, in submitting a motion to the Court, Plaintiff certifies that, to the best of his knowledge, that the factual contents in the motion have evidentiary support. Fed. R. Civ. P. 11(b)(3). Plaintiff is further advised that the Court has the power to impose sanctions for violations of Rule 11. Fed. R. Civ. P. 11(c)(1).

The Court now orders as follows:

1. Discovery is reopened, and the parties may conduct further discovery until ninety (90) days from the date of entry of this order.

2. Responses to written discovery requests shall be due forty-five (45) days after the request is served.

3. *All* discovery must be *completed* by the expiration of the ninety-day period. Written discovery requests must, therefore, be submitted *at least* forty-five days prior to the

expiration of the period. Written discovery requests served fewer than forty-five days before the close of discovery are untimely.

4. Motions to compel will be due sixty (60) days following the close of discovery.

5. Dispositive motions will be due one-hundred and twenty (120) days following the close of discovery.

6. The Court's prior scheduling order (ECF No. 31) otherwise remains in force.

7. Finally, the Clerk of the Court is directed to terminate Defendants' motion for summary judgment (ECF No. 42) as a pending motion.

IT IS SO ORDERED.

Dated:  August 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE