**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUANE LINDER, | No.  2:18-CV-2281-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAMES S. PUCELIK, et al., | |
| Defendants. | |

Plaintiff, who was a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 71, pursuant to Federal Rule of Civil Procedure 25(a)(1) following the death of Plaintiff.

On February 7, 2022, Stephen F. Snow, an inmate who had been assisting Plaintiff with his case, filed a document with the Court providing notice that Plaintiff had died on January 28, 2022.  See ECF No. 65.  Thereafter, on February 15, 2022, Defendants filed a Suggestion of Death Upon the Record pursuant to Rule 25(a)(1).  See EC No. 67.  Before doing so, Defendants made reasonable efforts to locate the addresses of Plaintiff's next of kin, if any, by searching Plaintiff's prison medical records for emergency contact information.  See ECF No. 71, pgs. 2-3.  Unable to locate any next of kin, Defendants served their Rule 25(a)(1) notice at Plaintiff's last address at Mule Creek State Prison.  See id.  Defendants also provided notice to the prison's litigation coordinator in the event anyone came forward as Plaintiff's next of kin, heirs, or estate

representative.  See id.  Counsel for Defendants states that he is not aware of any next of kin and, to date, no one has come forward and no motion for substitution has been filed.  See id. at 2.

Following service of a notice of Suggestion of Death Upon the Record, an action by a deceased plaintiff must be dismissed if a motion to substitute is not filed within 90 days of service of the notice.  See Fed. R. Civ. P. 25(a)(1).  The notice need not be served on non-party successors or representatives of a deceased party's estate where those individuals are unknown at the time the suggestion of death is made.  See Meredith v. Erath, 2004 U.S. Dist. LEXIS 33143, *4 (C.D. Cal. 2004).  Rule 25's notice requirements are satisfied where defense counsel states that he is unaware of any successors, next of kin, or estate representatives and has made reasonable efforts to locate such individuals.  See Wolff v. Eli Lilly & Co., 2019 U.S. Dist. LEXIS 177422, *2 (E.D. Cal. 2019).

In light of the foregoing, and because no motion to substitute was made within 90 days of service of the notice of Plaintiff's death, this action must be dismissed.  See Fed. R. Civ. P. 25(a)(1).

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 71, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 15, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE